Jb 9640

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN P. BRENNAN, JR., ESQUIRE
Avon Professional Building
43 Main Street, Suite 1B
Avon-By-The-Sea, New Jersey 07762
(732) 974-9234
Attorney for plaintiff, Cheryl McGarry

| | |
|---|---|
| Cheryl McGarry | : |
| Plaintiff | : |
| v | : |
| | :Civil Action No. |
| JERSEY SHORE PODIATRIC | : |
| ASSOCIATES, PA AND JOHN DOES 1-5 | : |
| Defendants | :**COMPLAINT AND JURY DEMAND** |
| | :Document Electronically Filed |

     By her counsel, John P. Brennan, Jr., Esquire, plaintiff, Cheryl McGarry, residing at 902 Claridge Drive, Spring Lake Heights, New Jersey 07762, by way of Complaint against defendants, Care One at Wall, LLC and John Does 1-5, that the defendants violated federal Fair Labor Standards Act, 29 U.S.C. §201 et seq ("FMLA") and the New Jersey Minimum Wage and Hour Law, N.J.S.A. 34:11-56(a) et seq. ("NJMWHL") by depriving plaintiff of pay for overtime hours worked for defendants' enterprise and retaliating against the plaintiff.  Plaintiff also complains she was retaliated against for protected whistle blowing activities in violation of the New Jersey Conscientious Employee Protection Act,  NJSA 34:19-1 et seq.("NJCEPA") Plaintiff also claims that she has been discriminated under the New Jersey Law Against Discrimination ("NJLAD") on the basis of her age.  Plaintiff, with more particularity, says:

**THE PARTIES**

1.  Plaintiff,  Cheryl McGarry, residing at 902 Claridge Drive, Spring Lake Heights, New Jersey

- 1 -

07762 was an employee of defendants, Care One at Wall, LLC and John Does 1-5, for all periods relevant to this Complaint.

2. Defendant, Care One at Wall, LLC, is a New Jersey limited liability company, with a main business address of 173 Bridge Plaza N Fort Lee, NJ 07024 and facility address of 2621 Highway 138, Wall, New Jersey 07719 was the employer of the plaintiff, Cheryl McGarry, for all periods relevant to this Complaint.

3. Defendants, John Does 1-5, fictitious names, real names presently unknown, are the owner/operators of defendant Care One at Wall, LLC, the person(s) responsible for hiring and firing employees for Care One at Wall, LLC and is otherwise a responsible employer of plaintiff, Cheryl McGarry, under the FMLA, NJMWL, NJCEPA and NJLAD.

## JURISDICTION

4. This Complaint raises federal questions stemming from the defendants' violation of the federal Fair Labor Standards Act, 29 U.S.C. §201 et seq ("FMLA"). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4). With respect to the ancillary claims, this Court has pendent jurisdiction over them pursuant to 28 U.S.C. § 1367 as they arise from the same nucleus of operative facts as the claims for which federal jurisdiction has been properly asserted. Finally, as all he parties reside or conduct their business in this judicial district, the Court has personal jurisdiction over each of them.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL AVERMENTS

6. In or about October 2004 plaintiff, Cheryl McGarry, was hired as an employee by defendants, Care One at Wall, LLC and John Does 1-5 to work as a certified nursing assistant. After several

promotions she held the title of Payroll Benefits Coordinator.  She left in January 2016 for a different position.  She returned to Care One at Wall in October 2016 as Staffing Coordinator. As Staffing Coordinator plaintiff was a work clock hourly full-time employee.

7.  In May 2018, plaintiff's new immediate supervisor, Marivic Vanover, Director of Nursing, began demanding Plaintiff to work overtime hours off the clock for the defendants, Care One at Wall, LLC and John Does 1-5.

8.  Defendants, Care One at Wall, LLC and John Does 1-5 have failed and refused to pay and compensate plaintiff, Cheryl McGarry, for the overtime hours she worked and was employed by them.

9.  On Thursday, July 19, 2018 in the dining room at Care One Wall Township, Plaintiff informed  Joanne Pagliuca, Employment Coordinator Human Resources for defendant, Care One at Wall, LLC about the illegal behavior.

10. On August 6, 2018, Defendants suspended plaintiff from her position without warning or explanation.   On August 11, 2018,  defendants terminated the plaintiff's employment.

11.  Plaintiff is 54 years of age.  Her replacement is at least 20 years younger.

## FIRST COUNT
## FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 ET SEQ

12.  Plaintiff, Cheryl McGarry, reiterates each and every allegation contained in Paragraphs 1 to 11 as if set forth more fully here.

13.  The defendants' failure to pay and compensate the plaintiff constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

14. Defendant's change of the terms and condition of employment,  suspension and termination of

the plaintiff were in retaliation to her exercise of her rights under the law.

15. As a result of the defendants' violation of the FLSA, the plaintiff has been damaged.

WHEREFORE, plaintiff, Cheryl McGarry, demands judgment, jointly and severally, against defendants, Care One at Wall, LLC and John Does 1-5, for:

a. for a preliminary and permanent injunctive relief requiring the defendant to restore Mrs. Gee to her employment, without loss of seniority or benefit and with full reimbursement of back wages and prohibiting the defendants from future acts of discrimination;

b. damages, compensatory, liquidated and incidental,

c. attorneys fees and costs of suit.

## SECOND COUNT
## NEW JERSEY MINIMUM WAGE AND HOUR LAW, N.J.S.A. 34:11-56(A) ET SEQ.

16. Plaintiff, Cheryl McGarry, reiterates each and every allegation contained in Paragraphs 1 to 15 as if set forth more fully here.

17. The defendants' failure to pay and compensate the plaintiff constitutes a violation of the New Jersey Minimum Wage and Hour Law, N.J.S.A. 34:11-56(a) et seq.

18. Defendant's change of the terms and condition of employment, suspension and termination of the plaintiff were in retaliation to her exercise of her rights under the law.

19. As a result of the defendants' violation of the NJMWHL the plaintiff has been damaged.

WHEREFORE, plaintiff, Cheryl McGarry, demands judgment, jointly and severally, against defendants, Care One at Wall, LLC and John Does 1-5,

a. for a preliminary and permanent injunctive relief requiring the defendant to restore Mrs. Gee to her employment, without loss of seniority or benefit and with full reimbursement of back wages

and prohibiting the defendants from future acts of discrimination;

b.  damages, compensatory, liquidated and incidental,

c.  attorneys fees and costs of suit.

### THIRD COUNT
### NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. 10:5-1 et seq.

20. Plaintiff, Cheryl McGarry, reiterates each and every allegation contained in Paragraphs 1 to 20 as if set forth more fully here.

21. Mrs. McGarry is a member of a "protected group" and is a protected "employee" and defendants are covered "employer" for purposes of applying the New Jersey Law Against Discrimination.

22. Mrs. McGarry was qualified for her job and her job performance met the legitimate expectations of her employer, the defendants.

23. Defendants discriminated and committed unlawful employment practices against Mrs. McGarry including termination, based upon her age.

24. The defendants sought candidates to replace and did replace Mrs. McGarry. Defendants treated Mrs. McGarry disparately to other similarly situated employees.

25. Defendants' conduct violates the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1.

WHEREFORE, plaintiff, Cheryl McGarry, demands judgment, jointly and severally, against defendants, Care One at Wall, LLC and John Does 1-5, for:

a. Preliminary and permanent injunctive relief requiring the defendant to restore Mrs. McGarry to her employment, without loss of seniority or benefit and with full reimbursement of back wages and prohibiting the defendants from future acts of discrimination;

b. Damages, compensatory, punitive and incidental

c. Statutory attorneys fees;

d. Interest - prejudgment and post-judgment;

e. Costs of suit;

f. Such other relief as the Court deems equitable and just.

## FOURTH COUNT
## NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT
## - NJSA 34:19-1et seq

26. Plaintiff, Cheryl McGarry, reiterates each and every allegation contained in Paragraphs 1 to 25 as if set forth more fully here.

27. Plaintiff, Cheryl McGarry, reasonably believed that her being deprived of being paid for off clock after time work was (a) in violation of a law or rule or regulation issued under the law or (b) incompatible with a clear mandate of public policy concerning health, safety, or welfare.

28. Plaintiff, Cheryl McGarry, "blew the whistle" by reporting the wrongful activity, policy and practice to Joanne Pagliuca, Employment Coordinator Human Resources.

29. As a result of Mrs. McGarry blowing the whistle, she was retaliated against in the terms and conditions of her employment and was terminated.

WHEREFORE, plaintiff, Cheryl McGarry, demands judgment, jointly and severally, against defendants, Care One at Wall, LLC and John Does 1-5, for:

a. Preliminary and permanent injunctive relief requiring the defendant to restore Mrs. McGarry to her employment, without loss of seniority or benefit and with full reimbursement of back wages and prohibiting the defendants from future acts of discrimination;

b. Damages, compensatory, punitive and incidental

   c. Statutory attorneys fees;

   d. Interest - prejudgment and post-judgment;

   e. Costs of suit;

   f. Such other relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff, Cheryl McGarry, demands a trial by jury on all issues so triable.

Dated: November 1, 2018　　　　　　　/s/ *John P. Brennan, Jr.*
　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　John P. Brennan, Jr.
　　　　　　　　　　　　　　　　　　　Attorney for plaintiff, Cheryl McGarry